## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

JESSE HINKLE,

               Plaintiff,

v.                                               Case No:   **6:16-cv-1453-Orl-41DAB**

DOLLAR TREE STORES, INC.,

               Defendant.
_____

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY CASE (Doc. No. 6)** |
| **FILED:** | **August 22, 2016** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** as set forth below.

      On July 5, 2016, Plaintiff Jesse Hinkle filed suit in state court against his former employer Dollar Tree Stores, Inc. asserting claims for breach of contract and unpaid overtime under the Fair Labor Standards Act ("FLSA"), which Defendant removed to this Court on August 15, 2016.   Doc. 2.   On August 22, 2016, Defendant filed its Motion to Dismiss and Compel Arbitration or, in the Alternative, Motion to Stay and Compel Arbitration pursuant to an arbitration agreement.   Doc. 6. On September 19, 2016, Plaintiff filed a Response stating that he does not object to Defendant's Motion to Stay and Compel Arbitration; however, Plaintiff objects to the extent Defendant advocates for dismissal of the case as opposed to a stay while the arbitration proceeds.   Doc. 12.

The arbitration agreement between Plaintiff and Defendant provides that "[e]ither party may bring an action in any Court of competent jurisdiction to compel Arbitration under this Agreement, as well as to enforce, confirm, modify, correct, or vacate an arbitration award as provided in the FAA."   Doc. 6-3.

The Federal Arbitration Act states in pertinent part:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall* on application of one of the parties *stay* the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 US.C. § 3 (emphasis added).

The Court agrees that stay rather than dismissal is the appropriate course of action when an arbitration is invoked.  *See Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992) ("We find that the state law claims are subject to arbitration, but that it was error to dismiss these claims rather than staying them from pending arbitration."); *Norfolk South Ry. Co. v. Fla. East Coast Ry., LLC*, 2014 WL 757942 (M.D. Fla. 2014) ("The Eleventh Circuit has held that the proper course is to stay the proceedings rather than dismiss the action"); *cf. Caley v. Gulfstream Aerospace Corp.*, 333 F.Supp.2d 1367, 1379 (N.D.Ga. 2004) (compelling arbitration and dismissing the case on finding "all the issues raised in . . . court must be submitted to arbitration"), *aff'd*, 428 F.3d 1359 (11th Cir. 2005).  Even if it appears likely that the Eleventh Circuit would afford discretion to dismiss a case rather than stay the proceeding where all claims before the court are arbitrable, in an FLSA case, any settlement will require judicial supervision[1]; thus, a stay is the more appropriate

---

[1] The FLSA permits rights under the FLSA to be settled or compromised in only two ways, *i.e.*, supervised by the Secretary of Labor or by the district court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir.1982).

course to take in this case.   *See Downey v. Robert W. Baird & Co. Inc.*, No. 6:07–cv–1180–Orl–31 DAB, 2007 WL 2729578, at *2 (M.D.Fla. Sept.18, 2007) (Presnell, J.).

It is **respectfully RECOMMENDED** that Defendant's Motion To Compel Arbitration and Dismiss Or Stay Case (Doc. 6) be **GRANTED in part** and the parties be directed to proceed with arbitration, the case be stayed, the Clerk be directed to administratively close the case, and the parties be ordered to file a status report every 90 days.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on September 20, 2016.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy