**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JESSE HINKLE,**

   **Plaintiff,**

                                                        **Case No.: 6:16-cv-01453-CEM-DCI**

**v.**

**DOLLAR TREE STORES, INC.,**

   **Defendant.**

_____/

**<u>JOINT MOTION FOR APPROVAL OF SETTLEMENT</u>**
**<u>AND DISMISSAL WITH PREJUDICE</u>**

   Plaintiff Jesse Hinkle ("Plaintiff" or "Hinkle") and Dollar Tree Stores ("Defendant" or "Dollar Tree") (Hinkle and Dollar Tree are together referred to herein as the "Parties"), through their undersigned counsel, jointly move that the Court: 1) approve the terms of the settlement they have agreed to following negotiations; 2) dismiss this case with prejudice; and 3) retain jurisdiction to enforce the terms of the Parties' settlement.  In support of this motion, the Parties state as follows.

**FACTUAL BACKGROUND**

   On or about July 5, 2016, Plaintiff filed a complaint against Dollar Tree alleging violations of the Fair Labor Standards Act ("FLSA") and state law in Florida state court ("Complaint").  On August 15, 2016, Defendant removed the Complaint to this Court. ECF No. 2.

   Because Plaintiff was party to a binding arbitration agreement with Dollar Tree that covered all of the claims alleged in the Complaint, on August 22, 2016, Defendant

filed a Motion to Dismiss and Compel Arbitration, or in the Alternative, Stay Proceedings and Compel Arbitration ("Motion to Compel").  ECF No. 6.  On October 13, 2016, the Court granted Defendant's Motion to Compel Arbitration in part.  ECF No. 15.  The Court stayed the Case and directed the Parties to proceed with arbitration. *Id.*

During 2016, before Defendant filed its Motion to Compel, counsel for the Parties communicated on several occasions by phone and in email to explore whether the Parties might resolve this matter before expending time and money on litigation.  The Parties were unable to reach agreement on settlement terms.

On or about June 27, 2017, Hinkle sent in his demand for arbitration ("Demand"); Defendant received the Demand on July 6, 2017.   In his Demand, Hinkle focuses on unpaid and overtime wages allegedly owed him due to time he purportedly worked through unpaid lunch breaks.  Hinkle alleges that he is due a total of $11,641.91 in unpaid wages.  This apparently is based on certain stated assumptions regarding Hinkle's hours, hourly rate, and the number of weeks Hinkle was entitled to recover for overtime.

After Hinkle submitted his Demand and before he submitted the required fees to start the arbitration process, the undersigned counsel reached out to Hinkle's counsel to again explore whether the Parties might resolve the matter before starting arbitration. During the week of July 17, 2017, the undersigned counsel spoke by telephone and communicated several times by email.  During these discussions, Hinkle's counsel provided Defense counsel with additional detail regarding Hinkle's position regarding his claimed damages.  Dollar Tree's counsel responded by pointing out several errors in

the assumptions underlying Hinkle's claimed damages.   For example, Hinkle's calculations assumed too high an hourly rate because it assumed that he was earning the rate he earned in 2016 throughout the entire statutory period.   Based upon Defendant's records, the calculations also assumed Hinkle worked in excess of 40 hours in too many weeks.   The calculations also improperly assumed that Hinkle would be entitled to recover overtime for five (5) years rather than the three (3) years (at most) provided for under the FLSA.   Based upon Defendant's assessment of the case, counsel for Defendant initially offered Hinkle's counsel $4,500 to settle the Demand.

Following this detailed conversation in which counsel exchanged information and Defendant extended this offer, and after several additional communications, on July 19, 2017, the Parties ultimately agreed upon a total settlement sum of $9,000.[1]   Of the settlement sum, $3,800 will be paid to Hinkle and $5,200 will be paid to Hinkle's attorneys on Hinkle's behalf.

As reflected in the Settlement Agreement and Release ("Agreement") attached hereto at Exhibit A, the settlement amount to be paid Hinkle includes an amount for liquidated damages equal to the amount paid for back wages, as well as separate consideration for the general release and other consideration provided in the Agreement. Further, while this matter involves a bona fide dispute as to whether and to what extent Plaintiff is entitled to damages, as demonstrated above, the terms of the Agreement were reached following negotiation by experienced counsel and Hinkle agrees that he will be

---

[1] Following these July discussions, Mr. Hinkle changed counsel; the Parties also spent some time revising the Agreement to address Mr. Hinkle's pending workers' compensation claim.   This resulted in some delay in the filing of this motion.

compensated for all hours worked. The settlement terms reflect the recognition of the risk and costs of litigation by Parties with counsel experienced in such matters. In order to avoid these risks and costs, the Parties agree that resolving this litigation in accordance with the Agreement makes sense for all concerned. The Parties therefore urge this Court to approve their settlement.

## MEMORANDUM OF LAW

In the Eleventh Circuit, in order to ensure that an employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or approved by the district court. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). In order to approve the settlement, a court must determine that the compromise is a fair and reasonable resolution of a bona fide dispute under the FLSA. *Id.* at 1354. If the settlement is fair and reasonable, the court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.* The terms of the Parties' settlement plainly comply with the spirit of *Lynn's Food Stores, Inc.*

In deciding whether an FLSA is fair and reasonable under *Lynn's Foods*, Florida district courts consider the following nonexclusive factors: (i) the existence of fraud or collusion behind the settlement; (ii) the complexity, expense and expected duration of the litigation; (iii) the stage of the proceedings and amount of discovery completed; (iv) the probability of plaintiff's success; (v) the range of possible recovery; and (vi) the opinions of counsel. *See, e.g.*, *Roman v. FSC Clearwater, LLC*, No: 6:16-cv-969, 2017 U.S. Dist. LEXIS 66536, at *3 (M.D. Fla. Apr. 21, 2017) (Irick, M.J.), *report and recommendation*

*adopted by*, No: 6:16-cv-969, 2017 U.S. Dist. LEXIS 65957 (M.D. Fla. May 1, 2017).

When an FLSA settlement "reflects a reasonable compromise of [ ] FLSA claims that are

actually in dispute," the court may approve the settlement.   *Id.*   In reviewing FLSA

settlements, courts recognize that "[t]here is a strong presumption in favor of settlement."

*Id.*

> Further, generally, "courts in this district have agreed":

>> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claim; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Davis v. Staramba Corp.*, No. 8:15-cv-1936, 2016 U.S. Dist. LEXIS 62347, at *4-5

(M.D. Fla. Apr. 19, 2016) (citing cases), *report and recommendation adopted by*, 2016

U.S. Dist. LEXIS 62348 (M.D. Fla. May 11, 2016).

Here, Hinkle negotiated settlement terms through counsel that are satisfactory to

the Parties.  The undersigned counsel, who are experienced in wage and hour matters,

view the terms agreed upon as a good outcome for the Parties.  It could be quite some

time before this matter is ready for arbitration, and the arbitrator ultimately could

determine that Hinkle is not entitled to any recovery whatsoever, in which case he would

recover nothing.  There has been no fraud or collusion in the settlement of this matter and

settlement will prevent the Parties from entering into a costly and protracted arbitration, the ultimate outcome of which is far from certain. The Parties assessed their respective positions and consulted with their counsel before reaching agreement upon the terms of the settlement. Moreover, the amount of attorneys' fees and costs that Dollar Tree will pay on behalf of Hinkle was agreed upon without regard to the amount to be paid to Plaintiff. Ultimately, the Parties decided that it is in their respective best interests to resolve this matter early through settlement rather than to proceed through protracted and costly litigation.[2]

Based upon the above, the settlement reached in this matter reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Davis*, 2016 U.S. Dist. LEXIS 62347, at *4 (internal quotation marks omitted) (quoting *DeGraff v. SMA Behavioral Health Servs, Inc.*, 945 F. Supp. 2d 1324, 1329 (M.D. Fla. 2013)). The Parties respectfully submit that their settlement should be approved.

---

[2] The Parties are not asking the Court to express an opinion on the Agreement's general release. *See, e.g.*, *Malicia v. Software Secure, Inc.*, No. 6:16-cv-1657, 2017 U.S. Dist. LEXIS 83785, at *3 (M.D. Fla. June 1, 2017) (Mendoza, J.) (expressing no opinion on separate general release of non-pending claims); *Roman v. FSC Clearwater, LLC*, 6:16-cv-969, 2017 U.S. Dist. LEXIS 65957, at *1 & n.1 (M.D. Fla., May 1, 2017) (Mendoza, J.) (same). To the extent the Court decides to consider the general release, the Parties respectfully submit that its inclusion should not impact the Court's approval of the settlement. As detailed in the Agreement, in exchange for the general release and other terms, Plaintiff will receive consideration ($200) above and beyond what he is receiving for settlement of his FLSA claims. *See, e.g., Middleton v. Sonic Brands L.L.C.*, No. 6:13-cv-386, 2013 U.S. Dist. LEXIS 129042, at *11 (M.D. Fla. Aug. 22, 2013), *report and recommendation adopted by*, No. 6:13-cv-386, 2013 U.S. Dist. LEXIS 129039 (M.D. Fla. Sept. 10, 2013) (where "substantial consideration" was paid to plaintiffs beyond the amount arguably due under the FLSA, release of claims not asserted in the complaint "[did] not render the settlement unfair or unreasonable.").

## CONCLUSION

In light of the contested issues presented in this case and the potentially protracted and uncertain arbitration that lies ahead, the settlement terms represent a fair and equitable resolution of this matter.  The Parties therefore respectfully request that the Court enter an order: (1) approving the terms of the settlement of Plaintiff's claims; (2) dismissing this action with prejudice; (3) retaining jurisdiction to enforce the terms of the settlement; and (4) granting such further relief as the Court deems just.

DATED this 20th day of November, 2017.

| | |
|---|---|
| **/s/ Kevin Vorhis** <br> Kevin Vorhis <br> Florida Bar No.: 0118482 <br> E-mail: kvorhis@itsaboutjustice.law | **/s/ Theresa M. Waugh** <br> Jeffrey B. Jones <br> Florida Bar No.: 0039950 <br> Email: jbjones@littler.com <br><br> Theresa M. Waugh <br> Florida Bar No.: 89593 <br> Email: twaugh@littler.com |
| **COHEN LAW GROUP** <br> 350 North Lake Destiny Road <br> Maitland, Florida 32751 <br> Phone:  (407) 478-4878 <br> Fax:  (407) 478-0204 | LITTLER MENDELSON, P.C. <br> 111 North Magnolia Avenue <br> Suite 1250 <br> Orlando, FL  32801-2366 <br> Telephone: (407) 393-2900 <br> Facsimile:  (407) 393-2929 <br><br> ***Attorneys for Defendant*** |
| ***Attorney for Plaintiff*** | |