UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JESSE HINKLE,

        Plaintiff,

v.                                                                                  Case No:  6:16-cv-1453-Orl-41DCI

DOLLAR TREE STORES, INC.,

        Defendant.

REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| MOTION: | JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE (Doc. 20) |
| FILED: | November 20, 2017 |
| THEREON it is RECOMMENDED that the motion be GRANTED in part and DENIED in part. | |

I.     **BACKGROUND.**

Plaintiff filed this action against Defendant in July 2016.  Doc. 2.  Plaintiff alleged that he worked for Defendant as an assistant manager between January 2010 and the filing of the Complaint, earning $11.15 per hour.  *Id*. at ¶¶ 7-8.  Plaintiff alleged that Defendant manipulated Plaintiff's time records by reducing the number of hours he actually worked so that he was not paid for all the time he worked, including overtime.  *Id*. at ¶¶ 9-10, 18, 26-27.  Thus, Plaintiff asserted the following claims against Defendant: Count I – breach of contract; Count II – unpaid overtime wages in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207.  *Id*. at 3-5.

The Court subsequently entered an order compelling the parties to proceed with arbitration, and administratively closed the case. Doc. 15.[1] The parties reached a settlement in September 2017. Doc. 18.

The parties filed a Joint Motion for Approval of Settlement and Dismissal with Prejudice (Motion) and their settlement agreement (Agreement). Docs. 20; 20-1. The Agreement provides that Plaintiff will receive $1,800.00 in unpaid wages, and $1,800.00 in liquidated damages, and $200.00 as consideration for other matters, such as the general release. Doc. 20-1 at 2-3. The Agreement also provides that Plaintiff will receive $5,200.00 in attorney fees and costs. *Id*. at 3. The parties argue that the Agreement represents a fair and reasonable resolution of Plaintiff's FLSA claim, and request that the Court grant the Motion, dismiss the Complaint with prejudice, and retain jurisdiction to enforce the terms of the settlement. *Id*. at 7.

## II.     LAW.

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[2] *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The Court, before giving its approval, must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims. *See id*. at 1353-55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.

---

[1] This order was entered prior to the entry of the Court's standard FLSA scheduling order. Thus Plaintiff did not have an opportunity to complete and file answers to the Court's FLSA interrogatories, which are customarily provided along with the FLSA scheduling order.

[2] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *See Lynn's Food Stores*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[3]

The Court, in addition to the foregoing factors, must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[4] The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

---

[3] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[4] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

### III.     ANALYSIS.

#### A.  The Settlement.

Plaintiff alleged that Defendant manipulated Plaintiff's time records by reducing the number of hours he actually worked so that he was not paid for all the time he worked, including overtime. Doc. 2 at ¶¶ 9-10, 18, 26-27. Plaintiff, as a result, alleged that he is owed a total of $11,641.91 in unpaid wages. Doc. 20 at 2. Defendant denied Plaintiff's allegations, and disputed Plaintiff's calculation of his unpaid wages, arguing that Plaintiff's calculation erroneously assumed that he earned the same hourly rate throughout his employment with Defendant, that he worked in excess of 40 hours during "too many weeks," and applied a five-year statute of limitations as opposed to a three-year statute of limitations provided under the FLSA. *Id*. at 2-3. Thus, this case involves disputed issues of liability under the FLSA, which constitutes a bona fide dispute.

The parties were represented by counsel throughout this case. The parties agreed to settle this case in light of the uncertainty, length, and costs of arbitration. *Id*. at 5-6. The Agreement provides that Plaintiff will receive $1,800.00 in unpaid wages, and $1,800.00 in liquidated damages. Doc. 20-1 at 2-3. The undersigned finds this is a fair and reasonable compromise of Plaintiff's FLSA claim given the disputed issues in the case, and the parties' desire to avoid the uncertainty, length, and costs of arbitration. Accordingly, it is **RECOMMENDED** that the Court find the settlement is a fair and reasonable resolution of Plaintiff's FLSA claim.

#### B.  The Release.

The Agreement contains a general release, which releases any and all known or unknown claims Plaintiff may have against Defendant at the time the Agreement is executed, with the exception of his pending workers' compensation claim. Doc. 20-1 at 4-5. The parties apparently

negotiated the general release separately from Plaintiff's claims for breach of contract and unpaid overtime wages, resulting in an agreement providing Plaintiff with an additional $200.00 as consideration for the general release and other terms.  Further, it appears that Plaintiff considered whether he was giving up any valuable claims, as the Agreement expressly provides that the general release does not apply to Plaintiff pending workers' compensation claim.  *Id*.  In light of the foregoing, the undersigned finds that the general release does not affect the overall fairness and reasonableness of the settlement.  *See Roman v. FSC Clearwater, LLC*, Case No. 6:16-cv-969-Orl-41DCI, 2017 WL 1653571, at *3 (M.D. Fla. Apr. 21, 2017) (approving a settlement agreement providing $100.00 as separate consideration for a general release) *report and recommendation adopted*, 2017 WL 1552304 (M.D. Fla. May 1, 2017); *Middleton v. Sonic Brands L.L.C.*, Case No. 6:13-cv-386-Orl-28KRS, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013) (same).  Therefore, it is **RECOMMENDED** that the Court find the general release does not affect the fairness and reasonableness of the settlement.

### C. Attorney Fees and Costs.

Plaintiff's counsel will receive a total of $5,200.00 in attorney fees and costs for representing Plaintiff in this case.  Docs. 20 at 3; 20-1 at 3.  The parties represent that the attorney fees and costs were "agreed upon without regard to the amount to be paid to Plaintiff."  Doc. 20 at 6.  The settlement is reasonable to the extent previously discussed, and the parties' foregoing representation adequately establishes that the issue of attorney fees and costs was agreed upon separately and without regard to the amount paid to Plaintiff.  *See Bonetti*, 715 F. Supp. 2d at 1228.  Therefore, pursuant to *Bonetti*, it is **RECOMMENDED** that the Court find the agreement concerning attorney fees and costs does not affect the fairness and reasonableness of the settlement.

### D. Retaining Jurisdiction.

The parties baldly request that the Court retain jurisdiction to enforce the terms of the settlement. Doc. 20 at 1, 7. The parties provide no argument and cite no authority in support of this request. *See* Doc. 20. Courts in this District routinely deny requests to retain jurisdiction to enforce the terms of an FLSA settlement agreement. *See, e.g.*, *Correa v. Goldblatt*, Case No. 6:10-cv-1656-Orl-28DAB, 2011 WL 4596224, at *3 (M.D. Fla. Sept. 9, 2011) *report and recommendation adopted*, 2011 WL 4704196 (M.D. Fla. Oct. 4, 2011); *Smither v. Dolphin Pools of SW Fla., Inc.*, Case No. 2:11-cv-65-FtM-29DNF, 2011 WL 2565494, at *2 (M.D. Fla. June 9, 2011) *report and recommendation adopted*, 2011 WL 2580459 (M.D. Fla. June 29, 2011). Given the absence of any compelling reason(s) to retain jurisdiction over this case, it is **RECOMMENDED** the Court deny the parties' request to retain jurisdiction to enforce the terms of the settlement.

### IV. CONCLUSION.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. 20) be **GRANTED** to the extent that the Court find the Agreement (Doc. 20-1) to be a fair and reasonable settlement of Plaintiff's FLSA claim;
2. The Motion be **DENIED** in all other respects;
3. The case be **DISMISSED with prejudice**; and
4. The Clerk be directed to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  **The parties may file a notice of no objection in they have no objection to this Report and Recommendation.**

　　Recommended in Orlando, Florida on January 2, 2018.

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　DANIEL C. IRICK
　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy